1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8                                          *CV 06 - 312 PHX- SRB*

9    9969 INDUSTRIES, INC.,              )    No. CIV-04-0973-PHX-SMM
                                          )
10             Plaintiff,                 )    **ORDER**
                                          )
11   v.                                   )
                                          )
12   SIKKTOYS, L.L.C., et al.,            )
                                          )
13             Defendants.                )
                                          )
14   _____ )

15          Pending before the Court is another wave of motions filed by the parties:  Plaintiff's

16   Fourth Motion for Order to Show Cause, for Order of Civil Contempt, and for Sanctions [Doc.

17   No. 138], filed December 14, 2005; Defendants' Motion for Order to Show Cause Against

18   Attorney Jon R. Kniss To Turn Over Files to Defendants and For Determination of Liability For

19   All Sanctions and Judgment Awarded Against Defendants [Doc. No. 145], filed December 29,

20   2005; Defendants' Motion for Entry of Mutual Confidentiality and Protective Order [Doc. No.

21   151], filed January 4, 2006; Defendants' Request for Hearing on Garnishment [Doc. No. 182],

22   filed January 24, 2006; and Plaintiff's Notice of Related Case and Motion to Reassign [Doc. No.

23   190], filed February 2, 2006.  After reviewing the filings, the Court issues the following Order.

24                                   **DISCUSSION**

25   **A.  Plaintiff's Fourth Motion for Order to Show Cause/Civil Contempt/Sanctions**

26          Plaintiff's Fourth Motion for Order to Show Cause, for Order of Civil Contempt, and for

27   Sanctions [Doc. No. 138] (hereinafter "Fourth Motion") is two-fold.  First, Plaintiff moves this

28   Court to sanction Defendants for failing to attend a deposition.  Second, Plaintiff asks this Court

1   to hold Defendants in civil contempt and award fees to Plaintiff based on Defendants' continued

2   violation of this Court's February 25, 2005 Order and non-payment of fees and costs imposed

3   before default judgment was entered.  The Court will address these issues in turn.

4               **1. *Failure to appear at deposition***

5        The Court will deny this portion of Plaintiff's Motion, in light of changes in circumstance

6   since the Motion was filed in December 2005.  First, the Court notes that Defendants' former

7   counsel, the Rocco Law Firm, is largely the subject of the Plaintiff's Motion.  Defendants have

8   since employed new counsel.  Moreover, a Judgment-Debtor's Examination was held in this

9   matter on January 23, 2006, presumably covering much of the same material that the previously-

10  scheduled deposition would have encompassed.  Therefore, the Court will deny this portion of

11  Plaintiff's Fourth Motion.

12          **2. *Failure to comply with discovery obligations and pay fees and costs***

13       The Court first addresses Plaintiff's argument that it is entitled to sanctions, including civil

14  contempt, against all Defendants for their failure to produce discovery ordered by the Court on

15  February 25, 2005.

16       In its Order dated May 23, 2005, the Court granted Plaintiff's Second and Third Motions

17  for Order to Show Cause [Doc. Nos. 81, 95], and found Defendants in civil contempt, struck

18  Defendants' Answers, and imposed default judgment against Defendants.  Having already

19  imposed those sanctions, most notably the extraordinary sanction of default judgment, the Court

20  finds that it has adequately addressed Defendants' failure to comply with its February 25, 2005

21  Order [Doc. No. 83], and thus declines Plaintiff's invitation to sanction Defendants further for

22  non-compliance with the same Order.

23       Moreover, the Court notes that the February 25, 2005 Order was entered in light of then-

24  pending trademark litigation and the elements Plaintiff was required to demonstrate therein. For

25  example, Plaintiff's counsel stated at a February 14, 2005 hearing that Plaintiff required

26  Defendant Ondrejko's financial information to prove damages.  (Trans. of 2/14/05 Hr'g, p. 13,

27  lines 1-8.)  The Court accordingly ordered on February 25, 2005 that Defendant Ondrejko

28  produce his financial information.  However, elements for which Plaintiff needed discovery to

1   prove, such as damages, were rendered moot by Court's default judgment in favor of Plaintiff,
2   which terminated Plaintiff's claims.

3       Next, the Court turns to Plaintiff's argument regarding unpaid monetary sanctions
4   imposed by Court Orders. The Court finds that its Findings of Fact and Conclusions of Law,
5   filed September 8, 2005, adequately dealt with the fines to which Plaintiff now refers.
6   Specifically, the Court included in its judgment against Defendants the costs imposed in the
7   Court's April 27, 2005 Order. Collection efforts continue with regard to the judgment. In
8   addition, the Court ordered in its judgment that the attorneys' fees awarded in its April 27, 2005
9   Order would offset attorneys' fees that would later be determined by the Court upon receipt of
10  Plaintiff's application for same. To date, no such application has been filed with the Court.
11  Therefore, in light of the foregoing, this portion of Plaintiff's Motion will be denied.

12  **B. Defendants' Motion for Order to Show Cause against Attorney Kniss**

13      Defendants move this Court to order Defendants' former attorney, Jon R. Kniss, to appear
14  and show cause why he should not be ordered: to turn over Defendants' files to Defendants' new
15  counsel; to indemnify Defendants against sanctions, further damages, attorneys' fees and default
16  judgment entered against them; and to determine that Mr. Kniss is liable to Plaintiff for
17  sanctions and default judgment entered against them in this case. Because Defendants devote
18  much of their briefing to the subject of sanctions as to Mr. Kniss, the Court first considers those
19  arguments.

20      Aside from Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, a
21  district court has the discretion to issue sanctions under its inherent powers. Chambers v.
22  NASCO, Inc., 501 U.S. 32, 41-42 (1991); Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50
23  F.3d 730, 732 (9th Cir. 1995). The Court must exercise its inherent powers "with restraint and
24  discretion." Chambers, 501 U.S. at 44. Indeed, to invoke its inherent powers, the Court must
25  make a "specific finding of bad faith." Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir.
26  1993).

27      Defendants move this Court to exercise its discretion and inherent powers and invoke
28  sanctions against their prior counsel. The Court will decline to do so, however, because it has

1   found in prior Orders, most recently in its Order filed January 20, 2006, that Defendants
2   themselves engaged in bad faith conduct. Furthermore, the Court finds that a more appropriate
3   remedy for Defendants against Mr. Kniss is an independent action, not sanctions imposed by
4   this Court. For these reasons, the Court will decline Defendants' invitation to impose sanctions
5   under the Court's inherent powers.

6       Next, the Court turns to Defendants' Motion for an Order requiring Mr. Kniss to appear
7   and show cause why he should not be ordered to turn over Defendants' files to Defendants'
8   current defense counsel. Because the relinquishment of files is not a sanction, the Court finds
9   that notice and opportunity to be heard are not required. Thus, the Court will order Mr. Kniss
10  to turn over all files of Defendants that are in Mr. Kniss's possession to Defendants' present
11  counsel by March 3, 2006 at 5:00 p.m. Mr. Kniss shall file a notice of compliance with this
12  Order when he has produced Defendants' files to defense counsel, or file a notice that he has
13  already produced everything in his possession if that is the case. Failure by Mr. Kniss to comply
14  with this Order may result in sanctions against him.

15      The Court notes that its jurisdiction to so order Mr. Kniss stems from his prior
16  representation of Defendants before this Court. Finally, the Court finds that this action in no
17  way shall impede Plaintiff's ongoing efforts to enforce the judgment against Defendants.

18  **C. Defendants' Motion for Entry of Mutual Confidentiality and Protective Order**
19      Plaintiff opposes Defendants' Motion for Entry of Mutual Confidentiality and Protective
20  Order [Doc. No. 151] primarily on the basis that Defendants failed to enter into a mutual
21  protective order in the past. Though the Court is keenly aware of the history between the parties
22  with regard to a  protective order, the Court sees no harm in granting the instant Motion,
23  particularly in light of Plaintiff counsel's assurances that any disclosed information will be used
24  properly. Thus, the Court will grant Defendants' Motion.

25      The Court will further allow the parties until February 24, 2006 to arrive at a mutually
26  agreeable proposed form of Order for this Court's review. The Court strongly encourages the
27  parties to resolve this matter amongst themselves. However, if the parties are unable to do so,
28

- 4 -

1   the parties shall file a joint Notice to the Court so stating, along with the reasons for same, by

2   February 24, 2006. The Court will thereafter enter an appropriate Order.

3   **D. Defendants' Request for Hearing on Garnishment**

4   Plaintiff has secured numerous writs of garnishment against Defendant Ondrejko,

5   including a writ of garnishment against Ondrejko's account with Arizona Federal Credit Union.

6   Defendant requests a hearing on this garnishment, arguing that the garnishment is "wrongful"

7   because the judgment entered by this Court against Ondrejko may reach only his separate

8   property, and the Arizona Federal Credit Union account is exempt community property.

9   The Court will deny Defendant Ondrejko's Request for a Hearing on this garnishment,

10  because the Court finds such a hearing is unnecessary. Rather, the Court reminds the parties

11  of its August 1, 2005 Order in which it addressed the community property issues related to

12  judgment enforcement in the context of a Motion by Plaintiff to amend its Complaint:

13      "Plaintiff argues that [amendment of the Complaint to add Taraporn Ondrejko]
         is necessary under Arizona law in order to enforce any potential money judgment
14       in this case against community property owned by Defendant Kenneth Ondrejko
         . . . Under Arizona law, it is well-settled that a plaintiff must sue both spouses
15       jointly, if the plaintiff wants to hold a marital community accountable for an
         obligation. A judgment against one spouse does not bind the community."
16  [Doc. No. 114] (citations omitted).

17  As the Court has made clear in the above-quoted Order and in its August 18, 2005 Order

18  denying Plaintiff's Motion to Reconsider, community property cannot be used to satisfy the

19  judgment against Kenneth Ondrejko. In addition, the Court notes that Plaintiff has not

20  responded to Defendants' Request, presumably because Defendant Ondrejko identified

21  community property assets at the Judgment-Debtor Examination that had taken place before the

22  Request was filed.

23  For these reasons, the Court finds no hearing is required on the attempted garnishment

24  of the Arizona Federal Credit Union account. Because the account has been classified as

25  community property and the Court is aware of no evidence to the contrary, the account is

26  exempt from execution of judgment against Defendant Ondrejko under Arizona law. The Court

27  will accordingly order the applicable Writ of Garnishment [Doc. No. 177] quashed.

28

### E. Plaintiff's Notice of Related Case and Motion to Reassign

On January 19, 2006, Defendant Ondrejko filed a Complaint in Maricopa County Superior Court against Plaintiff.[1]  In his Complaint, Ondrejko argued that A.R.S. § 10-502(A), Arizona's door-closing statute, prohibits Plaintiff from maintaining a proceeding in any court in Arizona, including the enforcement of the default judgment entered by this Court in 2005. On January 20, 2006, this Court considered the same argument by Ondrejko and declined to apply the state statute, given this Court's federal question jurisdiction in this matter. [Doc. No. 179] On January 23, 2006, Defendant Ondrejko amended his state court Complaint to delete the reference to this Court's default judgment, in light of this Court's January 20, 2006 Order.

On that same day, January 23, Plaintiff removed Ondrejko's state law action to this Court. [Doc. No. 1 in CV-06-312-PHX-SRB] District Judge Susan R. Bolton currently presides over the case, which is captioned CV 06-312-PHX-SRB. In a January 31, 2006 Order, Judge Bolton noted that federal question jurisdiction over the removed action was not apparent and allowed time for briefing. [Doc. No. 9 in CV 06-312-PHX-SRB] On February 2, 2006, Plaintiff filed before this Court a Notice of that related action before Judge Bolton, as well as a Motion to Reassign the related action to this Court. [Doc. No. 190] Defendant Ondrejko has responded to the Motion to Reassign [Doc. No. 191], but no Reply has yet been filed by Plaintiff.  The Court finds that further briefing on this Motion is unnecessary, however, and will now rule based on the briefings filed by the parties to date.

In the interest of judicial economy, the Court will grant Plaintiff's Motion to Reassign, as this Court is intimately familiar and has dealt with the issues in the related case over a protracted period of time.  However, because removal jurisdiction is in question, the Court will await full briefing of the issue in accordance with the Order entered by Judge Bolton on January 31, 2006 [Doc. No. 9 in CV 06-312-PHX-SRB] before ruling.

//

---

[1]For the sake of clarity, the Court will continue to refer to 9969 Industries, Inc. as "Plaintiff" and Ondrejko as "Defendant" or "Ondrejko."

1

**CONCLUSION**

2  Accordingly,

3  **IT IS ORDERED** that Plaintiff's Fourth Motion for Order to Show Cause, for Order of

4  Civil Contempt, and for Sanctions [Doc. No. 138] is DENIED.

5  **IT IS FURTHER ORDERED** that Defendants' Motion for Order to Show Cause Against

6  Attorney Kniss [Doc. No. 145] is GRANTED IN PART and DENIED IN PART. Jon R. Kniss

7  is hereby ordered to turn over all of Defendants' files in his possession to defense counsel by

8  **March 3, 2006 at 5:00 p.m.** Mr. Kniss shall file with this Court a notice of compliance with

9  this Order when he produces Defendants' files to defense counsel or a notice that he has already

10  produced everything in his possession if that is the case.  Mr. Kniss shall note that the address

11  of defense counsel is:  Roger Cohen and Kathi Sandweiss, Jaburg & Wilk, PC, 3200 N. Central

12  Ave., Suite 2000, Phoenix, AZ 85012.

13  **IT IS FURTHER ORDERED** that Defendants' Motion for Entry of Mutual

14  Confidentiality and Protective Order [Doc. No. 151] is GRANTED.  The parties shall file either

15  (a) a joint proposed form of protective Order or (b) a joint Notice stating their inability to reach

16  an agreement and the reasons for same by February 24, 2006.

17  **IT IS FURTHER ORDERED** that Defendants' Request for Hearing on Garnishment

18  [Doc. No. 182] is DENIED.

19  **IT IS FURTHER ORDERED** that Writ of Garnishment issued as to Arizona Federal

20  Credit Union account [Doc. No. 177] is QUASHED, because the account constitutes community

21  property.

22  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Reassign [Doc. No. 191] is

23  GRANTED.  The Clerk of Court will reassign CV 06-312-PHX-SRB to Chief Judge Stephen

24  M. McNamee, and the case shall be re-captioned CV 06-312-PHX-SMM.

25  **IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this

26  Order to Jon R. Kniss, 21143 Hawthorne Blvd, #384, Torrance, CA 90503.

27  //

28

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall provide Judge Susan R.

2    Bolton with a copy of this Order.

3        DATED this 8th day of February, 2006.

4

5

6

7                    Stephen M. McNamee
                    Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28